**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

OCT 8 - 2002

Judge Robert W. Gettleman
United States District Court

JCW Investments, Inc.
(d/b/a Tekky Toys)

                Plaintiff,

      v.

NOVELTY, INC.

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 02 C 4950
Judge Gettleman
Magistrate Judge Ashman

**DOCKETED**
OCT 1 0 2002

**Jury Trial Demanded**

## AMENDED COMPLAINT

For its Amended Complaint against Defendant Novelty, Inc. ("Novelty"), Plaintiff JCW

Investments, Inc. (d/b/a and hereinafter referred to as "Tekky Toys") states as follows:

### Nature of Action

1.     This is a Complaint for copyright infringement arising under 17 U.S.C. §§ 106,

501, violation of the Lanham Act under 15 U.S.C. § 1114, 1125, violation of the Illinois

Uniform Deceptive Trade Practices Act and common law unfair competition.

### Parties

2.     Plaintiff Tekky Toys is a corporation organized under the laws of Illinois with its

principal place of business in Orland Park, Illinois. Plaintiff is in the business of designing and

selling novelty items, including plush toys.

3.     Novelty is a corporation organized under the laws of the state of Indiana with its

principal place of business in Greenfield, Indiana. Novelty is in the business of selling novelty items,

including plush toys. Upon information and belief, Novelty is qualified to transact business, and is

currently transacting business, in Illinois.

22

**Jurisdiction**

4.      This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c).

**Plaintiff's Original Design**

6.      Plaintiff realleges paragraphs 1-5 above as if fully stated herein.

7.      Plaintiff is, and at all relevant times was, engaged in selling novelty items, including a plush toy entitled "Pull My Finger® Fred."

8.      The "Pull My Finger® Fred" plush toy design is wholly original with Plaintiff and contains matter subject to protection under the copyright and trademark laws of the United States, as well as the common law of Illinois.

**Plaintiff's PULL MY FINGER® Trademark**

9.      Plaintiff markets a variety of plush toys under its PULL MY FINGER® mark.  Some of the plush toys sold by Plaintiff include "Pull My Finger® Fred," "Pull My Finger® Frankie," "Pull My Finger® Freddy, Jr.," "Pull My Finger® Count Fartula" and "Pull My Finger® Fat Bastard." Plaintiff has sold its plush toys under its mark since 1999.  By reason of such sales and promotion, the PULL MY FINGER® mark has become a valuable asset and symbol of Plaintiff, its products and its goodwill, and consumers have come to associate PULL MY FINGER® exclusively with the plush toys made by Tekky Toys.

10.     Plaintiff has taken steps to protect and enforce its PULL MY FINGER® mark, including obtaining federal trademark registration in the U.S. Patent and Trademark Office. James Wirt, CEO and sole owner of Tekky Toys, is the owner of Trademark Regis. No. 2,532,263 for the mark PULL MY FINGER®. The PULL MY FINGER® mark is registered for a plush toy with electronic action. This registration is valid and subsisting, and is in full force and effect.

### Defendant's Infringing Activities

11.     Plaintiff realleges paragraphs 1-10 above as if fully stated herein.

12.     Upon information and belief, Defendant copied Plaintiff's "Pull My Finger® Fred" plush toy for the specific purpose of selling illegal and unauthorized copies of Plaintiff's "Pull My Finger® Fred" plush toy. The Defendant's illegal and unauthorized copies were marketed and sold as "Fartman" and "Fartboy."

13.     Upon information and belief, Defendant's copying of Plaintiff's "Pull My Finger® Fred" plush toy was knowing and willful. A photograph of the Plaintiff's "Pull My Finger® Fred" plush toy and the Defendant's "Fartman" and "Fartboy" plush toys is attached as Exhibit A.

14.     Defendant's reproduction, distribution and sale of its copy of Plaintiff's "Pull My Finger® Fred" plush toy occurred subsequent to Plaintiff's creation, use and sale of its "Pull My Finger® Fred" toy.

15.     Plaintiff has never authorized or condoned Defendant's use of its "Pull My Finger® Fred" design or plush toy.

16.     Defendant's "Fartman" and "Fartboy" plush toys are confusingly similar to Plaintiff's "Pull My Finger® Fred" plush toy and have created confusion, mistake and deception in the marketplace as to the affiliation, connection or association of Defendant's goods with Plaintiff.

3

17.    On September 20, 2002, this Court entered a preliminary injunction against Novelty enjoining it from "manufacturing, importing, promoting, marketing, selling, offering for sale or otherwise distributing the plush toys 'Fartman' or 'Fartboy' or any other work that is substantially similar to Tekky Toys' 'Pull My Finger® Fred' plush toy."

18.    Upon information and belief, Defendant is, without authorization, currently marketing, labeling, packaging, selling or offering for sale a plush toy under the brand name "Pull My Finger Santa." The Defendant's use of Plaintiff's PULL MY FINGER® mark on its goods is knowing and willful. A photograph of the Defendant's Pull My Finger Santa and the label affixed to Defendant's Pull My Finger Santa is attached as Exhibit B.

19.    Upon information and belief, Defendant's use of "Pull My Finger Santa" causes confusion, reverse confusion, mistake and deception in the marketplace as to the affiliation, connection or association of Defendant's goods with Plaintiff.

## Count I: Copyright Infringement

20.    Plaintiff realleges paragraphs 1-19 above as if fully stated herein.

21.    Plaintiff owns the full and exclusive right, title and interest in United States Copyright Registration No. SRu 434-019 for a three-dimensional sculpture and sound recording for the plush toy titled "Pull My Finger® Fred."

22.    Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

23.    Defendant's copying of Plaintiff's design is a violation of the copyright laws of the United States.

## Count II: Violation of Section 1114(1) of the Lanham Act

24.    Plaintiff realleges paragraphs 1-23 as if fully stated herein.

4

25.     As its second ground for relief, Plaintiff hereby alleges federal trademark infringement in violation of Section 1114(1) of the Lanham Act. 15 U.S.C. § 1114(1).

26.     Novelty's unauthorized use of the PULL MY FINGER® mark in connection with plush toys sold in interstate commerce will cause confusion, mistake or deception as to source, association or sponsorship. The relevant public is likely to believe that Novelty's plush toys originate with, are licensed by, sponsored by, connected with, or associated with Tekky Toys. Novelty's unauthorized use of the PULL MY FINGER® mark in connection with plush toys falsely represents Novelty as being legitimately connected with Tekky Toys, and places Tekky Toys reputation beyond its control.

## Count III: Violation of Section 1125(a) of the Lanham Act

27.     Plaintiff realleges paragraphs 1-26 above as if fully stated herein.

28.     As its third ground for relief, Plaintiff hereby alleges federal unfair competition in violation of Section 1125(a) of the Lanham Act. 15 U.S.C. § 1125(a).

29.     Novelty's sales of its infringing plush toy and use of Plaintiff's PULL MY FINGER® mark constitutes use of a false designation of origin, description and representation in interstate commerce, in violation of Plaintiff's rights in its distinctive plush toy and mark. Defendant's sales of its infringing toy and use of Plaintiff's PULL MY FINGER® mark wrongfully and falsely designates, describes or represents Plaintiff's goods, causing confusion, reverse confusion, mistake and deception as to the affiliation, connection, or association of Novelty's goods with Plaintiff, or as to the sponsorship or approval of said goods by Plaintiff.

## Count IV: Violation of Section 1125(c) of the Lanham Act

30.     Plaintiff realleges paragraphs 1-29 above as if fully stated herein.

5

31. As its fourth ground for relief, Tekky Toys hereby alleges federal trademark dilution in violation of Section 1125(c) of the Lanham Act. 15 U.S.C. § 1125(c).

32. Tekky Toys PULL MY FINGER® mark is famous, and Novelty's use of the mark in connection with the sale and marketing of plush toys causes dilution of the distinctive quality and characteristics of the PULL MY FINGER® mark.

<u>**Count V: Common Law Unfair Competition**</u>

33. Plaintiff realleges paragraphs 1-32 above as if fully stated herein.

34. As its fifth ground for relief, Plaintiff hereby alleges Illinois state common law unfair competition.

35. As a result of its actions, as hereinabove pleaded, Novelty has misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by Plaintiff's goods, is likely to cause and continue to cause confusion and to deceive members of the relevant public. By virtue of the aforementioned acts, Novelty engaged in unfair competition with respect to Plaintiff in violation of the common law of unfair competition of the State of Illinois.

<u>**Count VI: Illinois Uniform Deceptive Trade Practices Act**</u>

36. Plaintiff realleges paragraphs 1-35 above as if fully stated herein.

37. As its sixth ground for relief, Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act.

38. Novelty's aforesaid business activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Novelty's goods inasmuch as they give rise to the incorrect belief that Novelty's goods have

some connection with Plaintiff, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

**Prayer For Relief**

WHEREFORE, Plaintiff requests the following:

1.     That Novelty, Inc. and its respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

A.     directly or indirectly infringing Plaintiff's copyright in its "Pull My Finger® Fred" plush toy and/or Plaintiff's protected PULL MY FINGER® mark  or from reproducing, manufacturing, displaying, advertising, promoting, selling or offering for sale, or otherwise distributing the plush toys depicted in Exhibit A and B or any other work or item that is substantially similar to Plaintiff's copyrighted work or uses Plaintiff's PULL MY FINGER® mark in commerce;

B.     doing any other act or thing likely to induce the mistaken belief that Novelty's goods or services are in any way affiliated, connected, or associated with Plaintiff or its goods and services, or doing any other act or thing likely to cause confusion, reverse confusion or dilution with respect to Plaintiff's plush toys and PULL MY FINGER® mark; and

C.     unfairly competing with Plaintiff in any manner whatsoever.

2.     That Novelty be ordered to recall from all its distributors and agents, all products that infringe on Plaintiff's copyright and/or PULL MY FINGER® mark, and that Novelty immediately cease and desist from using Plaintiff's PULL MY FINGER® mark.

7

3.     That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    A.     all profits received by Novelty from sales and revenues of any kind in connection with its infringing toys; and

    B.     all damages sustained by Plaintiff as a result of Novelty's acts of copyright infringement, trademark infringement, common law unfair competition, and violation of the Illinois Uniform Deceptive Trade Practices Act and that such damages be enhanced as provided by law.

4.     That Novelty be ordered to compensate Plaintiff in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Novelty's unlawful actions.

5.     That, pursuant to 15 U.S.C. § 1116, Novelty be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Novelty has complied with the injunction.

6.     That Plaintiff be awarded attorneys fees and costs, and pre-judgment and post-judgment interest.

7.     That Plaintiff have such other and further relief as this Court may deem just.

**Jury Demand**

Plaintiff demands a jury trial on all issues so triable.

8

Dated:  October 8, 2002

Respectfully submitted,

Greg Smith
Kelly J. Eberspecher
**Competition Law Group LLC**
120 South State Street, Suite 300
Chicago, Illinois 60603
Tel. (312) 629-1918
Fax. (312) 629-1988

Counsel for Plaintiff

# SEE CASE FILE FOR EXHIBITS