# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4950 | **DATE** | 3/3/2003 |
| **CASE TITLE** | JCW Investments, Inc. vs. Novelty, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion to compel [31-1] is granted and its motion for expenses [31-2] and sanctions [31-3] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 4 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | 4D |
| | Mail AO 450 form. | 03 MAR -3 PM 3: 32 | | |
| ✓ | Copy to judge/magistrate judge. | | 3/3/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JCW INVESTMENTS, INC. (d/b/a TEKKY TOYS), | )<br>)<br>) Case No. 02 C 4950 |
| Plaintiff, | )<br>) Judge Robert W. Gettleman |
| v. | )<br>) Magistrate Judge |
| NOVELTY, INC., | ) Martin C. Ashman<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to compel an answer to its discovery request for financial information and its motion for expenses and sanctions. For the following reasons, Plaintiff's motion to compel is granted and its motion for expenses and sanctions is denied.

## I. Background

JCW Investments, Inc., d/b/a Tekky Toys ("Tekky Toys") markets a variety of novelty farting plush toys under its "Pull My Finger" mark. Defendant Novelty, Inc. also sells novelty farting plush toys, two of which are "Fartman" and "Pull My Finger Santa."

Tekky Toys filed this case on July 17, 2002 against Novelty, alleging copyright infringement, violations of the Lanham Act, violations of the Illinois Unfair Deceptive Trade Practices Act, and unfair competition under Illinois common law. Specifically, Tekky Toys alleges in Count III that Novelty's use of the "Pull My Finger" mark and sales of its allegedly infringing toys "constitutes use of a false designation of origin, description and



representation . . . . [and] wrongfully and falsely designates, describes or represents Plaintiff's goods, causing confusion, reverse confusion, mistake and deception as to the affiliation, connection, or association of Novelty's goods with Plaintiff" in violation of Section 1125(a) of the Lanham Act (federal unfair competition). (Am. Compl. ¶¶ 27-29; 15 U.S.C. § 1125.) In Count V, Tekky Toys alleges that Novelty has engaged in unfair competition under Illinois law: "Novelty has misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by Plaintiff's goods, is likely to cause and continue to cause confusion and to deceive members of the relevant public." (Am. Compl. ¶¶ 33-35.)

On December 5, 2002, Tekky Toys served its Second Request for Production of Documents on Novelty. Request for Production Number 13 asked for "[a]ll financial statements and tax returns, certified or otherwise, filed or prepared on behalf of Novelty for the past five years (1998-2002)." Novelty has refused to answer Request Number 13 on the grounds that it is not reasonably calculated to lead to the discovery of evidence that would be admissible at trial.

## II. Discussion

Under the familiar Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Because the Court finds that Novelty's financial statements and tax returns are relevant to the damages portion of Tekky Toys' state law unfair competition claim, we find that this information is discoverable.

Tekky Toys argues that the financial information it seeks is related to its state common law unfair competition claim because punitive damages are an available remedy for unfair competition. Novelty responds that the Lanham Act preempts remedies for common law unfair competition claims where the common law claims mirror claims under the Lanham Act.[1] This appears to be an issue of first impression.[2] Other courts have upheld awards of punitive damages for unfair competition when a compensatory award was also given under the Lanham Act, but none of the courts discussed whether the punitive damages should be available. *See e.g. Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985) (California state law authorized punitive damages); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1374-76 (10th Cir. 1977) (Colorado state law authorized punitive damages); *Simon Prop. Group, L.P. v. mySimon, Inc.*, No. IP 99-1195-C, 2001 WL 66408, at *28-29 (S.D. Ind. Jan. 24, 2001) (Indiana state law authorized punitive damages for unfair competition claim even though remedies under Lanham Act were also available).

Three ways exist in which federal law may preempt state law. First, the preemption may be found expressly on the face of the federal statute. *Sprietsma v. Mercury Marine*, 123 S. Ct. 518, 522 (2002). The parties agree that the Lanham Act does not expressly preempt state law

---

[1] In its original response to Tekky Toys' motion to compel, Novelty argued that state law unfair competition claims are preempted by the Lanham Act. When presented with case law to the contrary, Novelty conceded that state law *causes of action* are not preempted, but continued to insist that because punitive damages are forbidden under the Lanham Act, they should also be forbidden as a remedy for a state law claim that mirrors a claim under the Lanham Act.

[2] To decide this motion to compel, the Court needed to determine if punitive damages were permissible in a case such as this. The parties agreed at oral argument that this Court's decision regarding punitive damages will become the law of the case and will determine if the punitive damages claim will be allowed to stand.

unfair competition claims or remedies available for those claims. Second, a federal statute may implicitly override state law "'when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively . . . .'" *Id.* at 527 (quoting *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995) (internal citation omitted)). Novelty does not dispute that the Lanham Act "does not . . . occupy the entire field of trademark protection." *Tower Publ'ns, Inc. v. MTS, Inc.*, No. 91 C 1606, 1991 WL 170725, at *3 (N.D. Ill. Aug. 28, 1991) (discussing potential preemption of the Illinois Anti-Dilution Act by the Lanham Act).

Finally, federal law implicitly preempts state law where the state law actually conflicts with the federal law. An actual conflict is found "where it is 'impossible for a private party to comply with both state and federal requirements' . . . or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Sprietsma*, 123 S. Ct. at 527 (quoting *Freightliner Corp.*, 514 U.S. at 287) (internal and other citations omitted). To determine whether punitive damages are preempted by federal law, the court merely applies the same general preemption principles set forth above. *Al Seoud v. E.F. Hutton & Co.*, 720 F. Supp. 671, 682 (N.D. Ill. 1989).

Novelty argues that the availability of punitive damages under state unfair competition law stands against the "congressional purpose and objective to forbid punitive damages under Lanham Act claims." (Def.'s Sur-Reply at 3.) Tekky Toys relies upon *Al Seoud* to persuade the Court otherwise. In *Al Seoud*, the plaintiff brought suit against a brokerage house and its employees, alleging that his commodities account was illegally handled. He alleged violations of the Commodity Exchange Act ("CEA"), fraudulent concealment and misrepresentation, constructive fraud, negligence, negligent misrepresentation, breach of contract, recission and

civil conspiracy. *Al Seoud*, 720 F. Supp. at 676. The defendants moved to strike the claim for punitive damages on the grounds that 7 U.S.C. § 25(a)(1) (providing for private rights of action under the CEA) limited the plaintiff's recovery on his state law claims to actual damages. Having previously determined that the CEA did not preempt plaintiff's common law claims, the court next determined that the limitation found in § 25(a)(1) "applies only [to] those damages recoverable pursuant to the CEA claims and has no effect on pendent state causes of action." *Id.* at 682. Although the defendants urged the court to find that § 25(a)(1) subordinates a state's interest in employing punitive damages to deter certain behavior, the court held that "[i]n the absence of clear evidence of congressional intent . . . we cannot read this section so broadly." *Id.* The court allowed the claims for punitive damages with respect to the state common law causes of action to stand. *Id.*

This Court finds the reasoning of *Al Seoud* persuasive, and reaches a similar conclusion. Novelty points to the legislative history of the Lanham Act to support its contention that Congress intended to preclude punitive damages for state law claims. But the Court finds the legislative history demonstrates that Congress did not intend to preclude punitive damages for state law claims. To summarize this history, Novelty attached a seven page block quote from *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 108-113 (2nd Cir. 1988) to its Sur-Reply. In *Getty Petroleum*, the court reviewed the legislative history of the Lanham Act all the way back to the 1905 Act with respect to damages. *Id.* The court came to the conclusion that "§ 35 of the Lanham Act does not authorize an additional award of punitive damages for willful infringement of a registered trademark." *Id.* at 113. "So long as its purpose is to compensate a plaintiff for its actual injuries—even though the award is designed to deter wrongful

conduct—the Lanham Act remains remedial." *Id.* As noted in *Getty Petroleum*, the legislative history clearly articulates that punitive damages are not permitted for claims arising under the Lanham Act. However, we find that this history has no effect on pendent state law causes of action.

The history as set forth by Novelty (by its reliance on the *Getty Petroleum* discussion) does not make any direct or indirect reference to remedies for state law causes of action. Instead, as stated in *Getty Petroleum*: "[T]o imply a punitive damage award for trademark infringement would inappropriately add a remedy Congress could have—but did not—include in *its intricate and comprehensive recovery scheme.* Instead, it intended § 35 to 'mark the boundaries of the power to award monetary relief *in cases arising under the Act.*'" *Getty Petroleum*, 858 F.2d at 112 (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 721 (1967)) (emphasis added). Congress created an "intricate and comprehensive recovery scheme." If Congress wanted to prohibit punitive damages under state law claims that mirror Lanham causes of action, this would be expressed in either the plain language of the statute or in the legislative history. Absent such plain language or evidence of Congressional intent to the contrary, we decline to find that the Lanham Act preempts remedies under state law, but does not preempt the state common law itself.[3]

---

[3] Novelty's reliance upon *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499 (7th Cir. 1992), does not persuade us otherwise. In *Zazu*, a hair salon brought an action against a cosmetics company that marketed hair dyes under the same name as the hair salon, even though it had knowledge that the hair salon intended to market its own hair care products under its own name. The salon brought an action against the cosmetics company for violation of the Lanham Act, infringement on its registered Illinois service mark, deceptive trade practices, consumer fraud and unfair competition. *Zazu Designs v. L'Oreal, S.A.*, 9 U.S.P.Q.2d 1972, 1973 (N.D. Ill 1988). On appeal, the appellate court held that the salon did not have superior rights to the mark and further
(continued...)

In the instant case, the claim for punitive damages is permissible (without considering the merits of the case) and Plaintiff's Request for Production Number 13 is therefore reasonably calculated to lead to the discovery of evidence that would be admissible at trial.

Tekky Toys also asks for expenses and sanctions. The Court finds that Novelty has acted in good-faith and had at least a colorable basis for refusing to answer Request Number 13 and for making the arguments it made in the Sur-Reply. Thus, Plaintiff's motion for expenses and sanctions is denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to compel is granted. Plaintiff's motion for expenses and sanctions is denied.

**ENTER ORDER:**

_____
MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** March 3, 2003.

---

[3](...continued)
held that the damages awards were excessive. *Zazu Designs*, 979 F.2d at 504-509. With respect to the award of punitive damages, the court stated: "Punitive damages are problematic because the Lanham Act, although providing for the trebling of compensatory damages, forbids other penalties. . . . Because some old cases say that Illinois law supports punitive awards in trademark cases . . . and [defendant] has not asked us to revisit the subject, we press forward." *Id.* at 507. Because the issue was not raised, the appellate court did not discuss the same issue raised in this opinion. The Court does not find this comment made in *dicta* to direct us to a different conclusion than is set forth above.

Copies have been mailed to:

| | |
|---|---|
| GREG SMITH, Esq.<br>KELLY J. EBERSPECHER, Esq.<br>Competition Law Group, L.L.C.<br>120 South State Street<br>Suite 300<br>Chicago, IL 60603 | DANIEL J. LUEDERS, Esq.<br>JOHN L. ROBERTS, Esq.<br>Woodard, Emhardt, Naughton,<br>  Moriarty & McNett<br>111 Monument Circle<br>Suite 3700<br>Indianapolis, IN 46204-5157<br><br>MICHAEL J. KELLY, Esq.<br>Freeborn & Peters<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606-6677 |
| Attorneys for Plaintiff | Attorneys for Defendant |